l1PER CURIAM.*
Before this court are consolidated applications from counsel and petitioner seeking a stay of execution for further post-conviction proceedings. The trial court thoroughly reviewed defendant’s claims and found merit in none. The central contention is that trial counsel rendered ineffective assistance at both the guilt and penalty phases of the trial. A defendant is entitled to the assistance of a reasonably competent attorney acting as a diligent advocate for his life. State v. Hamilton, 92-2639 (La.7/1/97), 699 So.2d 29. This court will reverse where it finds that the attorney’s performance has fallen below an objective standard of reasonableness and the dereliction has prejudiced the defendant to the extent that the trial has been rendered unfair and the verdict suspect. Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993), State v. Washington, 491 So.2d 1337, 1339 (La.1986).
This court has reviewed the trial record, the pleadings, and all post-conviction hearing transcripts which were procured by the Louisiana Supreme Court’s Administrative Counsel through |2independent court reporters.[1] The trial court rejected petitioner’s claims of ineffective assistance of counsel and we affirm. The defense has failed to overcome the strong presumption that counsel was acting professionally and that his decisions were strategic in nature. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Hamilton, 92-2639 (La.7/1/97), 699 So.2d 29; State ex rel. Busby v. Butler, 538 So.2d 164 (La.1988); State v. Washington, 491 So.2d 1337 (La.1986). This court does not sit to “second-guess strategic and tactical choices made by trial counsel.” State v. Myles, 389 So.2d 12, 31 (La.1979) (on rehearing). Other allegations raised by counsel were reviewed thoroughly and are found to lack merit.
In his pro se application, petitioner also claims that counsel has abandoned him on *403 the eve of his execution. This claim is troubling, but not supported. Petitioner has been represented by present counsel since April, 1995, and throughout post-conviction proceedings. There have been numerous hearings, submission of memoranda and argument. We therefore conclude that despite petitioner’s apprehension, counsel has not, in fact, abandoned him.
Writs denied. Stay denied.

 JOHNSON, J., not on panel. See Rule IV, Part 2, Section 3.

. This court has reviewed transcripts from November 21, 1996, December 12, 1996, April 8, 1998, May 13, 1998, May 14, 1998, May 27, 1998, June 2, 1998 and July 9, 1998. Additionally, this court reviewed post-conviction counsel’s "Proposed Supplementary Assignments of Error" filed on August 14, 1998.